IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MIRANT CORPORATION, ET AL., | § | Bankruptcy No. 03-46590 (DML) |
| | § | |
| Debtors. | § | Adversary No. 06-04141 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | § | |
| | § | |
| MIRANT CORPORATION, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | District Court Case |
| VS. | § | No. 4:06-CV-540-A |
| | § | |
| CONSOLIDATED EDISON COMPANY OF | § | |
| NEW YORK, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The court has concluded that the motion of Consolidated Edison Company of New York, Inc., and Orange and Rockland Utilities, Inc., (collectively, "movants") to withdraw the reference with respect to the fifth, sixth, and seventh counterclaims in Adversary Proceeding No. 06-04141 ("adversary case") should be granted for the reasons set forth below.

The adversary case was filed in the jointly administered case under chapter 11 of the Bankruptcy Code that was initiated on July 14, 2003, by the filing by Mirant Corporation and affiliated entities of their petitions under chapter 11. The defendants in the adversary case, as creditors of certain of the debtor entities, filed proofs of claim in the jointly administered case. The proofs of claim related to indebtednesses allegedly owed to movants by a debtor or debtors arising from

transactions that occurred during the twelve-month period
immediately preceding the filing of the bankruptcy case.  The
adversary case was instituted May 1, 2006, by Mirant NY-Gen, LLC,
Mirant Lovett, LLC, and Mirant Bowline, LLC (collectively, "New
York Debtors") and certain of the other debtors.[1]  The pleading
by which the adversary case was instituted contained objections
by New York Debtors and other Mirant entities to the proofs of
claim, as amended, that movants had filed.  In addition, New York
Debtors asserted seven counterclaims against movants.  None of
the counterclaims bears any relationship to the proofs of claim
filed by movants.  Rather, the counterclaims relate to
transactions that occurred years before the chapter 11 filings.

     The first, second, third, and fourth counterclaims assert
avoidance causes of action seeking relief from allegedly
fraudulent transfers occurring more than four years prior to
commencement of the bankruptcy proceedings.  The fifth
counterclaim asserts a state-law cause of action for damages
brought by New York Debtors based on allegations that movants
breached contracts they entered into in November 1998 with New
York Debtors by failing to perform certain obligations related to
alleged environmental deficiencies and problems in connection
with assets purchased by movants from New York Debtors pursuant
to the contracts.  The sixth counterclaim is a request by New
York Debtors for a declaratory judgment against movants pursuant

---

[1]The reference of the adversary case to the bankruptcy court
was automatic pursuant to this court's Miscellaneous Rule No. 33.

2

to 28 U.S.C. § 2201 that (a) the alleged environmental deficiencies and problems in the purchased assets are what is referred to in the November 1998 contracts as "Excluded Liabilities"; (b) movants, as sellers under the November 1998 contracts, have an obligation to indemnify New York Debtors for the liabilities, damages, and costs incurred by them arising out of those liabilities; and (c) movants are required to defend New York Debtors against claims related to the alleged environmental deficiencies and problems.  The seventh counterclaim is a state-law breach of contract action brought by New York Debtors and Mirant Corporation (or its successor), alleging that the movants are responsible for certain pro-rated taxes under certain of the November 1998 agreements.  Neither the fifth, sixth, nor seventh counterclaim bears any relation to the claims in bankruptcy filed by movants, nor does any of them bear any material relation to the fraudulent transfer claims asserted by the first, second, third, and fourth counterclaims.

As contemplated by Local Bankruptcy Rule 5011.1, the presiding bankruptcy court judge, the Honorable Dennis Michael Lynn, published on December 6, 2006, his report and recommendation regarding the motion for withdrawal.  Judge Lynn declined to make a recommendation as to the relief sought by the motion, stating that he did not believe that it would be useful to the district court for him to do so considering that "[t]he legal issues raised by the Motion are substantially the same as those addressed by the district court in connection with prior

motions seeking withdrawal of the reference as to matters arising in these chapter 11 cases."[2]  Report and Recommendation at 2. Judge Lynn did, however, recommend that, if this court determines that the reference should be withdrawn, it be withdrawn as to the entire adversary case.

After having considered the principles expressed in <u>Holland America Insurance Co. v. Succession of Roy</u>, 777 F.2d 992, 998-99 (5th Cir. 1985), the court has concluded that there should be a withdrawal of reference as to the fifth, sixth, and seventh counterclaims, that those counterclaims should be severed from the objections and the first, second, third, and fourth counterclaims, and that the fifth, sixth, and seventh counterclaims should proceed as a separate action as Cause No. 4:06-CV-540-A on the docket of this court, subject to a possible transfer to a United States district court in New York State.

The fifth, sixth, and seventh counterclaims are non-core proceedings.  They are proceedings that are entirely independent of the bankruptcy case in the same sense that the claims that were withdrawn in <u>Mirant Corp. v. The Southern Co.</u> were independent of the same bankruptcy case:

> None of the controversies related to those claims implicate the peculiar rights and powers of bankruptcy, nor do any of those claims depend on the bankruptcy laws for their existence--they are claims that could proceed in another court even in the absence of bankruptcy.  None of those claims involves a substantive right provided by title 11, nor is any of a

---

[2]Judge Lynn's comments undoubtedly were inspired primarily by the withdrawal of reference that is reported in <u>Mirant Corp. v. The Southern Co.</u>, 337 B.R. 107 (N.D. Tex. 2006).

> nature that it could arise only in the context of a
> bankruptcy case or based on any right created by the
> federal bankruptcy law.  Rather, each of them is based
> on a state-created right.

337 B.R. 107, 117-18 (N.D. Tex. 2006).

Moreover, the court is satisfied that movants will be entitled to a jury trial as to at least some of the issues raised by the fifth, sixth, and seventh counterclaims.  The fact that movants did not make a demand for a jury trial while the case was pending in the bankruptcy court does not affect the district court's power to grant a jury trial upon appropriate request by movants.

Movants state in their motion that they intend, following withdrawal of the reference, to seek transfer of the withdrawn proceeding to the United States District Court for the Southern District of New York in the interest of justice and for the convenience of the parties and witnesses.  The court is fixing a deadline for the filing of such a motion.

For the reasons stated above,

The court ORDERS that the reference be, and is hereby, withdrawn as to the fifth, sixth, and seventh counterclaims for relief asserted in the pleading by which Adversary Case No. 06-04141 was instituted on May 1, 2006.

The court further ORDERS that such fifth, sixth, and seventh counterclaims be, and are hereby, severed from the objections and all other counterclaims for relief asserted in such pleading filed May 1, 2006, and that the severed fifth, sixth, and seventh counterclaims be carried on the docket of this court as Case No.

5

4:06-CV-540-A, styled "Mirant Corporation, Mirant Energy Trading, LLC, Mirant NY-Gen, LLC, Mirant Lovett, LLC, and Mirant Bowline, LLC, Plaintiffs, v. Consolidated Edison Company of New York, Inc., and Orange and Rockland Utilities, Inc., Defendants."

The court further ORDERS that, if any party wishes to file a motion to transfer the severed fifth, sixth, and seventh counterclaims for relief pursuant to the authority of 28 U.S.C. § 1404(a), such motion be filed by January 24, 2007.

SIGNED January 3, 2007.

_____/s/ John McBryde_____
JOHN McBRYDE
United States District Judge

6